UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAM DYER and SMR DYER FARMS LLC, | No. 8:21-cv-01374-GTS-CFH |
| Plaintiffs, | |
| -v- | |
| AGRI-MARK, INC., | |
| Defendant. | **DEFENDANT'S MOTION TO SEAL** |

In accordance with Rule 5.3 of the Local Rules of Practice for the United States District Court for the Northern District of New York, Defendant Agri-Mark, Inc. ("Agri-Mark") respectfully moves for leave to file under seal three exhibits submitted in support of its motion to dismiss filed contemporaneously herewith.  In particular, Agri-Mark seeks to file under seal Exhibit B, which is the version of its By-Laws in effect between April 2018 through April 2021 (the "By-Laws"); Exhibit D, which is a base plan that Agri-Mark adopted as of January 1, 2020 (the "Base Plan"); and Exhibit E, which is the addendum to the base plan that Agri-Mark adopted during the COVID-19 pandemic (the "Covid Base Plan").  As explained more fully below, Agri-Mark seeks to file these documents under seal because they contain sensitive and confidential legal and commercial information.

Under the governing legal standard, the public has a right of access to judicial documents that is protected by both the common law and the First Amendment.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006).  Courts applying the common law analysis first consider whether the documents at issue are judicial documents such that the common law presumption attaches.  *Id.* at 119.  If it does, then courts next evaluate the weight to be accorded such presumption, which includes the "role of the material at issue" and the "value of such information to those monitoring the federal courts."  *Id.* (citation and internal quotation marks

omitted).  Finally, courts consider countervailing factors weighing against the presumption of access.  *Id.* at 120.

As to the first step in the analysis, the documents here are judicial documents.  The Second Circuit has defined "judicial records and documents" to include filings that are "'relevant to the performance of the judicial function and useful in the judicial process.'"  *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (citing *U.S. v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).  A document is "relevant to the performance of the judicial function" if it "would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision."  *Id.* (emphasis in original) (citation omitted). Here, the By-Laws, Base Plan, and Covid Base Plan will reasonably have a tendency to influence this Court's ruling on Agri-Mark's motion to dismiss because those By-Laws and policies and procedures are incorporated into the terms of the parties' contract and thus will weigh on whether Agri-Mark has made the promises alleged by Plaintiffs in their Complaint.  To the extent these documents will play a substantial role in the performance of this Court's Article III duties, they are thus entitled to a strong presumption against sealing.

That presumption should nevertheless be overcome here because, as explained below, Agri-Mark has made a specific showing to justify sealing, sealing the documents is essential to preserving higher values, and the sealing of the documents sought is narrowly tailored to serve those interests.  The exhibits that Agri-Mark seeks to seal contain confidential or proprietary information about its business, including financial and strategic information, that are not otherwise publicly available.  In particular, the By-Laws, the Base Plan, and the Covid Base Plan provide information about Agri-Mark's internal policies and procedures, which are not otherwise

publicly available and which directly relate to the prices paid to and benefits conferred on Agri-Mark's members.  They also contain information about Agri-Mark's financial affairs, corporate governance, marketing strategies, market share, and sales.  Agri-Mark closely guards the competitively-sensitive and confidential nature of the information in the By-Laws, the Base Plan, and the Covid Base Plan.

Agri-Mark would be substantially harmed if the information in the By-Laws, the Base Plan, and the Covid Base Plan is disclosed to competitors, because they effectively contain a blueprint for the entirety of Agri-Mark's business.  Agri-Mark undertakes to ensure that only limited people with a need or a right to know have access to the information contained in these documents (for example, its lawyers, accountants, financial advisors, and members).  The information contained in these documents has value both to Agri-Mark, and also to its competitors, which would gain an unfair advantage should Agri-Mark's internal policies and procedures be disclosed.  Agri-Mark also expended considerable time and resources in developing these policies and procedures, and they continue to expend such time and resources in regularly evaluating its policies and procedures on an ongoing basis.  The information in these policies and procedures is what makes Agri-Mark a unique cooperative, and it would not be easy for the information to be acquired or duplicated by its competitors.  As a result, Agri-Mark intends to request the entry of a Protective Order in this action that will enable Agri-Mark to designate such material as Confidential, as they are highly sensitive and it could cause significant harm to Agri-Mark's business if disclosed to competitors.

Confidential, competitively sensitive business information contained in documents is a well-recognized basis for overcoming a strong presumption against sealing.  *See, e.g.*, *AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 1:17-cv-00598-BKS-CFH, 2021 WL 2403107, at *1

(N.D.N.Y. June 11, 2021) (granting motion to seal exhibits containing "confidential sales and market share information"). As several sister courts have explained, "[d]ocuments falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like." *Grayson v. Gen. Elec. Co.,* No. 3:13CV1799 (WWE), 2017 WL 923907, at *1 (D. Conn. Mar. 7, 2017) (quoting *Cumberland Packing Corp. v. Monsanto Co*., 184 F.R.D. 504, 506 (E.D.N.Y. 1999)).  In addition, confidential business internal policies and procedures are appropriately sealed because the public disclosure of such policies has the potential to cause competitive injury.  *See Grayson*, 2017 WL 923907, at *3 (granting defendants' motion to seal internal policies and procedures).  For all of these reasons, the By-Laws, the Base Plan, and the Covid Base Plan are appropriately sealed because of Agri-Mark's privacy interests in the competitively-sensitive, confidential, business information contained in these documents.

In accordance with Local Rule 5.3, Agri-Mark has filed this motion to seal as a public motion, will file a public version of the subject documents, and will provide the Court with a proposed order and unredacted copies of the subject documents as sealed documents.

WHEREFORE, Agri-Mark respectfully requests leave to file Exhibits B, D, and E in support of its Motion to Dismiss under seal, together with such other and further relief as this Court deems just and proper.

Dated: January 17, 2022
      Hartford, CT

                      Respectfully submitted,

                      By: */s/ Jill M. O'Toole*
                          Jill M. O'Toole, Bar No. 515280
                          Attorney for Defendant Agri-Mark, Inc.
                          Shipman & Goodwin LLP
                          One Constitution Plaza
                          Hartford, Connecticut 06103

Tel. (860) 251-5000

and

445 Park Avenue, 9th Floor
New York, NY 10022-8606
Tel.: (212) 376-3010
Email: jotoole@goodwin.com

IT IS SO ORDERED:

Hon. Glenn T. Suddaby
Chief U.S. District Judge

Dated:  1/21/2022
        Syracuse, NY

5